878

## In re SOLAR MFG. CORP.

Bankr. No. 7324a.

United States District Court
D. New Jersey.

Dec. 28, 1950.

---

Samuel M. Coombs, Jr., Jersey City, N. J., (Charles B. Collins, Jersey City, N. J., of counsel), for trustees.

Ezra Weiss, Indianapolis, Ind., for Securities & Exchange Commission.

Riker, Emery & Danzig, by Irving Riker, Newark, N. J., for Marine Midland Trust Co. of New York.

Samuel Marion, New York City, for bondholders.

John D. McMaster, Jersey City, N. J., for First National Bank of Jersey City.

Milton M. Unger, Newark, by Edward Endelman, New York City, for Cowen Debenture-Holders Committee.

Sanford Silverman, Samuel M. Hollander, of Newark, N. J., for creditors.

Martin Drazen, New York City, for Ward Leonard Electric Co., creditor.

Charles E. Scribner, New York City, for B. R. Rand, a creditor.

Greene & Hellring, by Bernard Hellring, Newark, N. J., for Webb & Knapp, et al.

Isadore Glauberman, Jersey City, N. J., for Goldman, Sachs & Co., et al.

FAKE, Chief Judge.

Upon a consideration of the matters brought before me on the application for ad interim allowances for the trustees and counsel in the above entitled cause, several things made an impression upon my mind. First, I was not impressed with the argument that there should be a change in the trusteeship at this critical time. However, any subsequent fees or allowances made to the trustees must of necessity be small. They are both still needed to aid in the preparation and institution of suits which are to be commenced in the very near future.

Second, it is my thought that the overhead expense in the office rented for the estate should be substantially curtailed at once.

Third, I was not impressed by the arguments made against paying the trustees and their attorney ad interim allowances. They have done a very satisfactory job and it would be unfair to ask them to serve for an indefinite time in the future without remuneration. Especially is this so in view of the fact that the trustees have upwards of one million one hundred thousand dollars in the bank at this time.

In endeavoring to ascertain what a fair ad interim allowance should be, the court considers the dexterity and ability displayed by these officers, as well as their high standing. Counsel has had no prior allowance whatever and the trustees have had none for one year. The trustees seek a joint allowance of $25,000. and counsel seeks an allowance for a like amount.

Considering the present purchasing value of the dollar in which they are to be paid,

these figures may not be far out of line, if indeed they are at all excessive. However, it is not my purpose to make full payment at this time. I will, therefore, allow counsel at this time the sum of $15,000. which is the equal of $8,550. as of 1939, and each trustee the sum of $8,000. which is the equivalent of $4,560. as of 1939.

As further bearing upon these dollars, it appears that in 1939 there were seven billion of them in circulation, while now there are twenty-seven billions.

An order may be entered in conformity herewith.